PRISCILLA R. OWEN, Circuit Judge,
concurring:
I concur in the judgment and in Parts I and II.A. of the panel’s majority opinion. I would resolve the coverage issue on the basis that the underlying primary insurance coverage was not exhausted. Accordingly, Empire’s excess policy was never reached.
Empire’s policy provides:
SECTION I — INSURING AGREEMENTS
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
1. Insuring Agreement
a. We will pay on behalf of the insured for “ultimate net loss” in excess of the “retained limit” because of “bodily injury” or “property damage” to which this insurance applies. We will have the right to associate with the “underlying insurer” and the insured to defend against any “suit” seeking those damages. But
(1) The amount we will pay for “ultimate net loss” is limited as described in SECTION IV — LIMIT OF INSURANCE;
* * *
24. “Ultimate net loss” means the total amount of damages for which the insured is legally liable in payment of “bodily injury”, “property damage”, “personal injury”, or “advertising injury[.]” “Ultimate net loss” must be fully determined as shown in Condition 12. When Loss Payable[.] ... * * *
20. “Retained limit” means the greater of
a. The sum of amounts applicable to any “claim” or “suit” from
(1) “Underlying insurance”, whether such “underlying insurance” is collectible or not, and
(2) Other collectible primary insurance, or
b. The “self-insured retention”
Empire was obligated under its policy to pay N/S’s “ultimate net loss” in excess of the “retained limit.” It is undisputed that N/S’s self-insured retention was $10,000, and that this self-insured retention was less than the amounts from insurance described in paragraph 20(a) above. Accordingly, the “retained limit” applicable in this case is determined by paragraph 20(a). Empire’s policy required N/S to obtain primary insurance with a per-occurrenee limit of at least $1,000,000, and N/S obtained that primary coverage from Liberty. Liberty paid only $650,000 to settle the underlying suit against N/S. N/S did not exhaust its primary coverage, as it was required to do before it could access the excess policy.[1]
*350 N/S’s payment of $450,000 is not included in the calculation. That was part of the resolution of N/S’s disagreement with Liberty, the primary carrier, as to whether the damages claimed in the underlying suit were included in the property damage coverage of Liberty’s policy. Unless and until N/S insisted that Liberty pay its policy limits and those limits were exhausted, N/S could not access the excess coverage provided by Empire’s policy.

. See, e.g., KLN Steel Prods. Co. v. CNA Ins. Cos., 278 S.W.3d 429, 443 (Tex.App.-San Antonio 2008, pet. denied) (confirming that “the limits of the primary insurance must be exhausted before the primary carrier has a right to require the excess carrier to contribute to a settlement”) (emphasis and citation omitted).